**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **ADRIAN MUNOZ** ) | |
| ) | |
| **Plaintiff,** ) | **Case: 1:23-cv-09292** |
| ) | |
| **v.** ) | |
| ) | |
| **MOBILY, LLC,** ) | |
| ) | |
| **Defendant.** ) | **Jury Trial Demanded** |
| ) | |

_____

## COMPLAINT

**NOW COMES** Adrian Munoz ("Plaintiff"), by and through his undersigned counsel, complaining of Mobily, LLC ("Defendant") as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. Plaintiff brings this action seeking redress under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*. ("Title VII") for sexual harassment, gender-based discrimination, and retaliation for engaging in protected activity under Title VII.

### JURISDICTION AND VENUE

2. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as the Civil Rights Act of 1964 is a federal statute.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) as a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

### ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5, have been satisfied.

5.      A charge of employment discrimination on the basis of sex, sexual harassment, and retaliatory discharge was filed by Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights ("IDHR") (attached hereto as Exhibit "A").

6.      Plaintiff received a Notice of Right to Sue from the EEOC on August 18, 2023 (attached hereto as Exhibit "B") and filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7.      Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in Cook County, Illinois

8.      Defendant is an AT&T authorized cellular phone retailer that operates a retail store in Cicero, Illinois.

9.      Plaintiff was employed by Defendant as an "employee" as defined by 42 U.S.C §2000e(f).

10.     At all times relevant, Defendant had at least fifteen employees, was an "employer" as defined by Title VII, and was engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. §2000e(b).

## FACTUAL ALLEGATIONS

11.     Plaintiff was hired by Defendant as a Sales Representative on or about August 1, 2022.

12.     Plaintiff met or exceeded Defendant's performance expectations during his employment and was never disciplined for any misconduct.

13.     Plaintiff is male and is a member of a protected class because of his sex.

14.     Other similarly situated employees outside of Plaintiff's protected class (non-male individuals) were not subject to the same disparate treatment as Plaintiff.

15.     Since at least November 1, 2022 through Plaintiff's unlawful termination in January 2023, Defendant subjected Plaintiff to different terms and conditions of employment than others not within his protected class and has been subjected to a hostile work environment on the basis of his sex in violation of Title VII.

16.     On or about November 1, 2022, Defendant's employee, Manager Anidal Trejo ("Mr. Trejo), started sexually harassing Plaintiff.

17.     On numerous occasions, Mr. Trejo grabbed Plaintiff's chest, inappropriately stroked/rubbed Plaintiff's back, and held Plaintiff by the hips.

18.     This physical and sexually charged contact was unwelcomed and highly offensive to Plaintiff.

19.     Plaintiff continuously requested that Mr. Trejo cease his inappropriate conduct.

20.     Plaintiff's pleas fell on deaf ears and Mr. Trejo continued to make sexually charged physical contact with Plaintiff.

21.     Plaintiff tried to ignore Mr. Trejo's conduct, but given the disproportionate power dynamic, Plaintiff was left with no choice but to report Mr. Trejo's unwelcomed advances.

22.     Specifically, Plaintiff engaged in protected activity and made several complaints to District Manager, Fabian Martinez ("Mr. Martinez").

23.     Each time Plaintiff submitted a complaint to Mr. Martinez, Mr. Martinez informed Plaintiff, "There is nothing I can do about that".

24.     The sexual harassment and unwelcomed advances persisted over the next few months.

25.     On or about January 5, 2023, fed up with the escalating sexual harassment, Plaintiff again reported Mr. Trejo's conduct to Mr. Martinez.

26.     Plaintiff informed Mr. Martinez that the sexual harassment had become unbearable and requested that he be transferred to another location.

27.     Mr. Martinez immediately denied Plaintiff's reasonable request and did not take any action to protect Plaintiff from Mr. Trejo's sexual harassment.

28.     The sexual harassment continued, becoming more severe and pervasive as time went on.

29.     On or about January 26, 2023, Plaintiff again reported the sexual harassment by Mr. Trejo to Mr. Martinez.

30.     Defendant, rather than commence an investigation or institute remedial measures to prevent further sexual harassment of Plaintiff, instead ignored Plaintiff's complaints, and ultimately retaliated against Plaintiff for opposing sexual harassment.

31.     Specifically, on or around January 26, 2023, the very same day Plaintiff reported the sexual harassment, Plaintiff was inexplicably terminated by Mr. Martinez.

32.     By terminating Plaintiff the very same day Plaintiff reported the sexual harassment, it was apparent that the termination was in retaliation for Plaintiff opposing unlawful sexual harassment and for exercising his protected rights.

33.     Defendant is liable under Title VII because Plaintiff reported the sexual harassment to Defendant and Defendant failed to take any action to protect Plaintiff or his rights

under Title VII.

34.     As a result of Plaintiff's termination, Plaintiff suffered adverse employment action for engaging in protected activity.

35.     There is a basis for employer liability for the sexual harassment that Plaintiff was subjected to as all of the conduct occurred while Plaintiff and his harasser were "on the clock" and the harasser was Plaintiff's immediate supervisor.

36.     As a direct and proximate result of Defendant's conduct, Plaintiff was repeatedly subjected to sexual harassment, which caused Plaintiff excruciating mental anguish, humiliation, and fear.

37.     Moreover as a result of Plaintiff's termination, Plaintiff suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits, mental anguish, emotional distress, humiliation, and loss of enjoyment of life.

### COUNT I
### Violation of Title VII of the Civil Rights Act
### (Sexual Harassment)

38.     Plaintiff repeats and re-alleges all the preceding paragraphs as if fully stated herein.

39.     By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sexual harassment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

40.     Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*, due to Plaintiff's sex, male.

41.     Defendant knew or should have known of the sexual harassment as Plaintiff repeatedly reported the same to Defendant.

42.     The sexual harassment was unwelcomed, objectively offensive, and offended Plaintiff.

43.     The sexual harassment was severe or pervasive.

44.     The unwanted sexual harassment was objectively and subjectively offensive and would have offended any reasonable person in Plaintiff's shoes.

45.     Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

46.     As set forth above, Plaintiff suffered damages as a result of Defendant's conduct.

## COUNT II
### Violation of Title VII of the Civil Rights Act of 1964
### (Sex-Based Discrimination)

47.     Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

48.     By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*

49.     Plaintiff met or exceeded performance expectations.

50.     Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

51.     Defendant terminated Plaintiff's employment on the basis of Plaintiff's sex.

52.     Plaintiff is a member of a protected class under Title VII due to Plaintiff's sex.

53.     Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

54.     As set forth above, Plaintiff suffered damages as a result of Defendant's conduct.

## COUNT III
### Violation of Title VII of the Civil Rights Act
### (Retaliation)

55.     Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

56.     Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

57.     During Plaintiff's employment with Defendant, Plaintiff repeatedly complained of and reported the sexual harassment to Defendant.

58.     Accordingly, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*

59.     In response to Plaintiff's repeated complaints, Defendant repeatedly failed to conduct a prompt, thorough, and objective investigation(s) of Plaintiff's complaints of sexual harassment and sex-based discrimination.

60.     Defendant failed to take necessary precautions to prevent further recurrences of the discriminatory and/or harassing conduct complained of by Plaintiff.

61.     As set forth above, Defendants unlawfully retaliated against Plaintiff by terminating him on the very same day that Plaintiff reported the sexual harassment and/or sex-based discrimination to Defendant.

62.     As a result, Plaintiff suffered an adverse employment action in retaliation for engaging in a protected activity.

63.     By virtue of the foregoing, Defendants violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq.

64.     Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

65.     As set forth above, Plaintiff suffered damages as a result of Defendant's conduct.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff requests the following relief

      a.      Judgment in Plaintiff's favor and against Defendant;

      b.      An award of back pay and benefits;

      c.      An award of interest on back pay and benefits;

      d.      An award of front pay and benefits;

      e.      An award of compensatory damages for emotional distress and pain and suffering;

      f.      An award of pre-judgment and post-judgment interest;

      g.      An award of liquidated damages;

      h.      An award of punitive damages;

      i.      An award of reasonable attorney's fees and costs; and

      j.      Any further relief this Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury.

Dated: September 11, 2023                Respectfully Submitted,

                                                  _/s/ Mohammed O. Badwan_

                                                  Mohammed O. Badwan, Esq.
Sulaiman Law Group, Ltd.
2500 S. Highland Ave., Ste. 200
Lombard, IL 60148
Phone (630) 575-8180
mbadwan@sulaimanlaw.com
_Counsel for Plaintiffs_